EXHIBIT E

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**1.    INTRODUCTION.**  This Settlement Agreement and General Release ("Agreement") is made and entered into and is effective as of the date below, by and between Jessie M. Knight ("Consumer(s)") and Toyota Motor Credit Corporation ("Toyota") (herein collectively either "Parties"), with regard to Parties alleged actions or omissions in connection with release of lien on Consumer's vehicle as more particularly alleged by Consumer in their pleadings which were the subject matter of the Motion for Contempt filed by Consumer on September 23, 2020 at Doc. 30 ("Motion") and the Order entered thereupon on October 5, 2020 at Doc. 33. The Motion, captioned *Motion For Sanctions against Toyota Motor Credit Corporation for Violation of the Discharge Injunction* was filed in the United States Bankruptcy Court for the Northern District of Illinois in *Case No. 16-32994* (the "Case").  Parties deny any wrongdoing and liability.  To avoid the expense of litigating the Motion, as well as the uncertainty of such litigation, and without admitting or denying the validity of the potential claims and potential defenses or appellate remedies that could be asserted, the Parties have agreed to enter into this Agreement.

**THEREFORE**, in consideration of the foregoing, and of the promises contained herein, the Parties agree as follows:

**2.    SCOPE OF AGREEMENT.**  This Agreement encompasses any and all actions or omissions of Toyota, its current and former representatives, agents, employees, officers, directors, shareholders, partners, members, predecessors, successors, assignors, assigns, affiliates, parents, and subsidiaries, as well as its attorneys, relative to the subject matter of the Motion.  Consumer agrees to take all steps necessary to withdraw the Motion with prejudice as soon as practicable following receipt of the settlement funds set forth below.

**3.    PAYMENT AMOUNT.**  To resolve this dispute, Toyota shall pay to Consumer, in care of Consumer's counsel, the total sum of $8,300.00, part of which

1

represents the cumulative per diem penalty order in the Court's Order of October 5, 2020 and part of which represented attorney's fees incurred by counsel for Consumer.

**4.     PAYMENT MANNER.**  The payment referenced in Paragraph 3 shall be made payable to **Semrad Law Firm**, and shall be sent to Steve Miljus, Esq, 20 S Clark, 28th floor, Chicago, IL 60603. This payment should be received within a reasonable period of time.

**5.     PAYMENT DEADLINE.**  Validity of this Agreement is dependent upon receipt of the payment of the settlement funds at the address specified in Paragraph 4 within a reasonable period of time and receipt of (a) this Agreement executed by Consumer or counsel, and (b) a completed Form W-9 for the payee referenced above.

**6.     RELEASE.**  Consumer, on behalf of Consumer, and on behalf of Consumer's successors, heirs and assigns, hereby absolutely, unconditionally, and completely agrees to release, indemnify, hold harmless and discharge forever the Parties, its current and former officers, directors, shareholders, members, partners, employees, predecessors, successors, parents, affiliates, subsidiaries, clients, assigns, assignors, independent contractors, vendors, attorneys, law firms, principals, agents and insurers, and all of its respective agents, employees, officers, directors, shareholders, members, partners, attorneys, collection agencies, independent contractors and vendors from any and all known and unknown claims, actions, causes of action, demands, liabilities, and complaints of any nature whatsoever, through the date of this release, including, but not limited to, any other claims arising under state or federal law.  Consumer further agrees that Consumer will not file any claims, complaints, affidavits, arbitrations or proceedings with any court or arbitration forum

("Proceedings") with respect to the matters released in this Agreement against any of the aforementioned, and any Proceedings filed prior to the execution of this Agreement, if any, shall promptly be dismissed or withdrawn with prejudice.

    **7. GOVERNING LAW.** This Agreement shall be governed by the substantive laws of the State of Illinois.

    **8. CONSTRUCTION.** All Parties certify that they have had a full opportunity to review this Agreement and have had the opportunity to consult with an attorney of their own choosing; thus, the Parties agree that the rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not be applied in construing this Agreement.

    **9. EXECUTION IN COUNTERPARTS.** This Agreement may be executed in counterpart, each with the full force and effect of an original document. In addition, a copy or facsimile of this Agreement shall have the same force and effect of an original document.

    **10. SUCCESSOR RIGHTS AND LIABILITIES.** This Agreement shall be binding upon and shall inure to the benefit of the respective successors, heirs, assigns, and legal representatives of (a) each of the Parties and (b) each of the individuals/entities set forth in paragraph 6 herein. Nothing in this Agreement, express or implied, is intended by the Parties to confer any rights or benefits under or by reason of this Agreement upon any person other than the Parties hereto, those entities and individuals set forth in paragraph 6 herein, and each of their respective successors, heirs, assigns and legal representatives.

**11.    ENTIRE AGREEMENT.**  The Consumer and the Parties agree and represent that each has read and fully understands the terms of this Agreement.  The Consumer and the Parties agree and represent that no promise, inducement, or agreement not expressed in this Agreement has been made by any of the Parties and the Consumer.  The Consumer and the Parties agree and represent that this Agreement contains the entire agreement between them and may not be modified or supplemented except by a writing signed by the Consumer and the Parties.  The Consumer and the Parties agree and represent that the terms of this Agreement are contractual and not a mere recital.

12.    **PERFORMANCE**.  The Parties have already fully performed their respective duties and obligations as memorialized herein.

**IN WITNESS WHEREOF**, the Consumer and the Parties have executed this Agreement as of the date below.

DATED:    _____, 2021    _____
           Chicago, IL                     Jessie M. Knight


DATED:    _____, 2021    _____
           Chicago, IL                     Steve Miljus, Esq.,    Semrad Law Firm P.C.
                                           20 S. Clark, 28th Floor
                                           Chicago, IL 60603


DATED:    February 25, 2021              Bonial & Associates, PC
           Creve Coeur, Missouri          Attorneys for Toyota Motor Acceptance
                                          Corporation,


                                          _____
                                          Wesley T Kozeny, Esq.
                                          Bonial. & Associates, PC
                                          12400 Olive Blvd, Ste 555
                                          Creve Coeur, MO 63141

4